UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-22564-SCOLA/BANDSTRA

IRIS GARCIA,

    Plaintiff/Counterclaim-Defendant,

vs.

WINDSTREAM COMMUNICATIONS, INC.,

    Defendant/Counterclaim-Plaintiff.
_____/

### DEFENDANT'S INTERIM STATUS REPORT

Pursuant to this Court's Order of December 9, 2011 (DE 21), Defendant Windstream Communications, Inc. ("Windstream") submits the following Interim Status Report.

### Reason for Unilateral Filing

Windstream is submitting this Interim Status Report unilaterally because, despite the efforts of its counsel, Windstream has been unable to communicate with Plaintiff Iris Garcia ("Garcia"), who is proceeding *pro se*, in order to prepare and submit a Joint Interim Status Report.

Windstream's efforts to submit a Joint Interim Status Report included the following: Windstream's counsel drafted a proposed Joint Interim Status Report and emailed the proposed draft to Garcia on Monday, January 23, 2012, along with a cover email explaining the need for the Report and the fact that it was required to be filed no later than January 27, 2012. Garcia did not respond to this communication. After receiving no response, Windstream's counsel telephoned Garcia on Thursday, January 26, but was unable to reach her as of the close of business on January 26. These efforts

are detailed in Exhibits 1 and 2 to this report. Accordingly, Windstream is forced to file its Interim Status Report unilaterally.

### Nature of the Case

1. This is a single-count action by Plaintiff Garcia alleging retaliatory discharge under the Florida Whistleblower Act ("FWA"), Fla. Stat. §§ 448.101 *et seq.* Garcia asserts that Defendant Windstream terminated her employment allegedly in retaliation for reporting activities of her immediate superiors that she alleges were unlawful. Windstream denies these allegations and asserts that it terminated Garcia for engaging in a pattern of fraudulent activities related to her sales for Windstream that were designed to inflate her commission compensation.

2. The case also involves a Counterclaim by Windstream against Garcia asserting common law fraud, conversion, and unjust enrichment based on Windstream's assertions that, during Garcia's brief employment with Windstream, she systematically defrauded Windstream out of more than $70,000 in commission compensation through a scheme involving fictitious sales transactions.

### Procedural History

3. Garcia commenced this action on June 7, 2011, in the Circuit Court for Miami-Dade County, Florida. Windstream answered the Complaint and then timely removed the case to this Court on July 18, 2011 based on diversity of citizenship (DE 1).[1]

4. On August 23, 2011, this Court entered a pretrial Scheduling Order (DE 7). Among other things, the Scheduling Order set a discovery deadline of December 12, 2011, a dispositive motion deadline of January 6, 2012, and a trial date of March 12, 2012.

---

[1] Windstream later amended its Answer on September 16, 2011, to add its counterclaims against Garcia (DE 11). Garcia filed an Answer to Windstream's Counterclaim on September 28, 2011 (DE 12).

2

5.      The parties on August 26, 2011, also scheduled mediation for December 13, 2011 (DE 8, 9).

6.      Shortly after the entry of the Court's Scheduling Order, the parties in late August 2011 served respective sets of interrogatories and requests for production on each other.  Windstream timely complied with its disclosure and discovery obligations. Windstream served its Rule 26(a) initial disclosures and its responses to Garcia's interrogatories and requests for production on September 22, 2011.  By contrast, Garcia has never complied with her disclosure and discovery obligations.  Despite Windstream granting her multiple extensions of time, Garcia has never served her Rule 26(a) initial disclosures nor has she served responses to Windstream's interrogatories and requests for production of documents.[2]

7.      Because Garcia failed, despite multiple extensions, to serve her Rule 26(a) disclosures or respond to Windstream's written discovery, Windstream on November 9, 2011, filed a motion to dismiss Garcia's claim and strike her pleadings for failure to meet her discovery obligations.  As an alternative, Windstream also sought an order from Judge Moreno compelling Garcia to serve her discovery responses and Rule 26(a) disclosures (DE 15).

8.      Garcia's then-counsel also informed Windstream's counsel on November 9, 2011, that Garcia was unwilling to appear for her scheduled deposition the following day, November 10—which led Windstream to cancel Garcia's November 10 deposition.

---

[2]. Garcia was represented by counsel during most of this period of time.  Her counsel moved to withdraw on November 21, 2011.

9. Garcia, through counsel, did not respond to Windstream's motion for sanctions or, in the alternative, to compel discovery and disclosures (DE 15). Instead, Garcia's counsel on November 21, 2011 filed a motion to withdraw as counsel (DE 17).

10. On November 30, 2011, this Court (per Chief Judge Moreno) entered an order on Windstream's Motion for Sanctions or to Compel (DE 15). The Court denied Windstream's request to strike Garcia's pleadings and dismiss her claim "without prejudice to refile if necessary[,]" but granted Windstream's alternative request to compel Garcia to provide her Rule 26(a) disclosures and her responses to Windstream's interrogatories and request for production. The Court ordered Garcia to provide her disclosures and discovery responses "no later than **December 9, 2011**[,]" and warned that her "failure to do so may result in sanctions including dismissal of this case and award of attorney's fees" (DE 18) (emphasis in original).

11. In the same Order, the Court also granted the Motion to Withdraw filed by Garcia's attorney, and ordered Garcia to proceed *pro se* unless she obtained new counsel (DE 18).

12. Chief Judge Moreno also entered an order the same day reassigning this matter to Judge Robert Scola (DE 20).

13. On December 9, 2011, this Court (per Judge Scola) entered an Amended Scheduling Order. Among other things, the Amended Scheduling Order extended the discovery and dispositive motion deadlines to March 23 and March 30, 2012, respectively, and reset the trial calendar to June 18, 2012 (DE 21).

14. Because Garcia never complied with Chief Judge Moreno's November 30 Order (DE 18) compelling her to serve her Rule 26(a) disclosures and responses to

4

Windstream's written discovery by December 9, 2011, and because Garcia failed to appear for her re-scheduled deposition on December 8, 2011, Windstream on December 15 renewed its motion to dismiss Garcia's claim and strike her pleadings based on her failure to engage in discovery and her failure to abide by the Court's compulsion order (DE 22). That motion remains pending.[3]

## Progress of Discovery

15. Windstream timely complied with its obligations under Rule 26(a) and provided written responses to Garcia's discovery requests. Windstream also provided Garcia's then counsel a CD containing searchable PDFs of all of the documents responsive to Garcia's request for production or that were otherwise required to be disclosed under Rule 26(a), with the exception of certain confidential documents that Windstream withheld pending entry of Confidentiality Agreement that Garcia has yet to execute or return to Windstream's counsel.

16. By contrast, as of the date of this Interim Status Report, Garcia has not yet provided her Rule 26(a) disclosures nor has she responded in any way to Windstream's interrogatories and requests for production of documents, in direct contravention of this Court's compulsion order entered on November 30, 2011 (DE 18).

17. No depositions have yet been taken. Garcia has not made any attempt to depose any witnesses. By contrast, Windstream has attempted to take Garcia's deposition on two separate occasions. The first time, in November, Garcia's deposition was cancelled when Garcia, through her counsel, refused to appear. After Garcia's

---

[3] The mediation the parties had scheduled for December 13, 2011, also had to be cancelled when Garcia telephoned Windstream's counsel on December 12, 2011, and left a voicemail message stating that she would not appear for the scheduled mediation the following day (DE 22).

deposition was re-scheduled for December 8, 2011, Garcia failed to appear (see DE 22, pp. 4-5).

### Pending Motions

18. The only motion currently pending is Windstream's Motion to Dismiss for Discovery Abuse, which was filed on December 15, 2011 (DE 22). Garcia has not filed a response opposing that motion.

### Status Of Plaintiff's Representation

19. To the best of Windstream's knowledge, Garcia is at the present time still *pro se*.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Counsel for Windstream
701 Brickell Avenue
Suite 1600
Miami, Florida 33131
(305) 374-0506
(305) 374-0456 (fax)
david.demaio@ogletreedeakins.com

By: s/ David M. DeMaio
DAVID M. DeMAIO
Florida Bar No. 886513

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ David M. DeMaio
David M. DeMaio

## SERVICE LIST

*IRIS GARCIA v. WINDSTREAM COMMUNICATIONS, INC.,*
*United States District Court, Southern District of Florida*
*CASE NO. 11-CV-22564-SCOLA*

        Iris Garcia
        15565 SW 138 Terrace
        Miami, Florida 33186
        Telephone: 305.971.3134
        garcia.iris2010@yahoo.com

        *Plaintiff Pro Se*

        Method of Service: *By U.S. Mail*

        David M. DeMaio
        david.demaio@ogletreedeakins.com
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        701 Brickell Avenue, Suite 1600
        Miami, Florida 33131-2813
        Telephone: 305.374.0506
        Facsimile: 305.374.0456

        *Counsel for Defendant*

        Method of Service: *Notice of*
         *Electronic Filing*

11676147.1 (OGLETREE)